United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BABATUNDE M. WHITE,

    Plaintiff,

v.

CONSUMER SOLUTIONS REO, LLC, INC., et al.

    Defendants.
_____/

No. C 08-2308   JL

**REFERRAL WITH RECOMMENDATION**

    This Court on May 14, 2008 denied Plaintiff's application for leave to file *in forma pauperis* ("IFP"), without payment of the filing fee, as provided by 28 U.S.C. §1915. To proceed IFP, a plaintiff must show the financial inability to pay fees and a non-frivolous claim. The trial court has wide discretion in determining whether an applicant qualifies as indigent. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). This Court found that Plaintiff Babatunde White was not indigent, and consequently ordered Plaintiff to pay the $350 filing fee by June 17, 2008. However, on reexamining its ruling, the Court realized that Plaintiff had not consented to its jurisdiction, as required by 28 U.S.C. §636(c) and the ruling in *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).

    This Court therefore refers this case for reassignment with the recommendation that the application to file IFP be denied, because Plaintiff is not indigent, as required by the

statute and the case law. His wife has monthly income of $2,500 from employment. Plaintiff is himself unemployed, but has demonstrated the ability to earn income from employment, having earned $2600 from National Realty, Inc., in November 2007. Furthermore, Plaintiff owns a home of an estimated market value of $599,000, and a 2001 Mercedes auto. Plaintiff lists monthly expenses for a mortgage payment of $7,855, utilities of $600, food of $350, clothing of $150 and child care of $650. These obviously exceed the monthly income of his spouse. Nevertheless, Plaintiff has the ability to earn income and has a substantial asset, his house, and therefore does not qualify as indigent for purposes of receiving the privilege to file his lawsuit without payment of the filing fee. *In re Fromal*, 151 B.R. 733 (E.D.Va.1993)(Applicant had substantial real estate holdings and ability to obtain gainful employment as certified public accountant, but no liquid assets. IFP application was denied.)

When a plaintiff has the ability to obtain gainful employment and substantial assets, the Court may consider those and deny an IFP application. Therefore, this Court finds that Plaintiff does not satisfy the requirement of indigence in order to file IFP. In the absence of Plaintiff's consent to jurisdiction, this Court refers the case for reassignment to a district court judge, with the recommendation that the IFP application be denied.

IT IS SO ORDERED.

DATED: June 11, 2008

_____
James Larson
Chief Magistrate Judge