IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER SOLUTIONS REO, LLC, | No. C 08-02308 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| BABATUNDE M. WHITE, and DOES 1-100, inclusive, | |
| Defendants. | |

Plaintiff has filed a motion to remand this case and for attorneys' fees. The motion is scheduled for hearing on December 19, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing and the case management conference scheduled for the same day. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand and DENIES plaintiff's motion for attorneys' fees.

On March 17, 2007, plaintiff filed a complaint for unlawful detainer in Contra Costa County Superior Court. On April 17, 2008, pro se defendant removed the case to this Court. [Docket No. 1] Plaintiff has moved to remand the case to state court. Defendant argues that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. According to defendant, this Court has jurisdiction because defendant contends that plaintiff has violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d

1179, 1183 (9th Cir. 2002) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Id.* (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10-12 (1983)). In this case, the only cause of action alleged in the complaint is for unlawful detainer under California law. Defendant's anticipated defense under a federal statute does not provide a basis for federal jurisdiction.[1] Accordingly, plaintiff's motion is GRANTED insofar as plaintiff requests that this case be remanded to the Superior Court of Contra Costa County, Pittsburgh District.

Plaintiff has also requested an award of attorneys' fees incurred in litigating this motion to remand. The Court finds that attorneys' fees are not warranted as this motion did not raise complex legal issues and the defendant is pro se. Plaintiff's motion is DENIED insofar as plaintiff requests attorneys' fees.

**IT IS SO ORDERED.**

Dated: 12/15/08

SUSAN ILLSTON
United States District Judge

---

[1] Defendant does not allege that diversity jurisdiction exists in this case. As a resident of California, defendant is a citizen of this state and cannot remove a case filed in California. *See* 28 U.S.C. § 1441(b).

2